Case No. 13-1444

# United States Court of Appeals
For the First Circuit
_____

### CARMEN LLERENA DIAZ

*Plaintiff-Appellee,*

v.

### JITEN HOTEL MANAGEMENT, INC.

*Defendant-Appellant,*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

## APPELLANT'S BRIEF

Edward S. Cheng, 1st Cir. Bar No. 76428
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2019

Ryan C. Siden, 1st Cir. Bar No. 1130275
SIDEN & ASSOCIATES, P.C.
20 Park Plaza, Suite 505
Boston, MA  02116
(617) 423-5999

*Attorneys for Jiten Hotel Management, Inc.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Jiten Hotel Management, Inc. ("Jiten") discloses that it is a privately held Massachusetts corporation organized under the laws of the Commonwealth of Massachusetts.  No publicly traded companies own more than 10% of Jiten Hotel Management, Inc.'s stock.

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Biggins v. Hazen Paper Co.*, 111 F.3d 205 (1st Cir. 1997) .....................................11

*Boston's Children First v. City of Boston,* 395 F.3d 10 (1st Cir. 2005) ....................6

*Burke v. McDonald,* 572 F.3d 51 (1st Cir. 2009) ......................................................6

*Diaz v. Jiten Hotel Mgmt.*, 822 F. Supp. 2d 74 (D. Mass. 2011) ......................... 4-5

*Diaz v. Jiten Hotel Mgmt.*, 704 F.3d 150 (1st Cir. 2012) ..................... 5, 6, 8, 11-12

*Diaz v. Jiten Hotel Mgmt.*, No. 08-10143-WGY, 2013 U.S. Dist. LEXIS 36096 (D. Mass. Mar. 15, 2013)................................................................. 6, 8, 11-12

*Foster v. Mydas Assoc., Inc.*, 943 F.2d 139 (1st Cir. 1991) .....................................7

*Gay Officers Action League v. Puerto Rico*, 247 F.3d 288 (1st Cir. 2001)...............7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...................................................... 8-12

*Koster v. TWA*, 181 F.3d 24 (1st Cir. 1999) ............................................................9

*Krewson v. City of Quincy*, 74 F.3d 15 (1st Cir. 1996) ............................................9

*Stevens* v. *F/V Bonnie Doon*, 731 F.2d 1433 (9th Cir. 1984)..................................12

## STATE CASES

*Fabre v. Walton*, 441 Mass. 9 (2004) ......................................................................9

*Killeen v. Westban Hotel Venture, LP*, 69 Mass. App. Ct. 784 (2007) ....................9

*Rex Lumber Co. v. Acton Block Co., Inc.*, 29 Mass. App. Ct. 510 (1990) .............10

*Robbins v. Robbins*, 19 Mass. App. Ct. 538 (1985)..................................................2

*Stowe v. Bologna*, 417 Mass. 199 (1994) ................................................................9

-i-

*Stratos v. Dep't of Pub. Welfare*, 387 Mass. 312 (1982)...........................................9

## FEDERAL STATUTES

29 U.S.C. §§ 621-624......................................................................................1, 3,4

## STATE STATUTES

Massachusetts Civil Rights Act, M.G.L. c. 12§§H .................................................1, 3

Massachusetts Gen. Law c. 151B .........................................................................1-4

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUES PRESENTED.......................................................1

STATEMENT OF THE CASE...............................................................................1

STATEMENT OF FACTS ....................................................................................2

SUMMARY OF THE ARGUMENT .....................................................................6

STANDARD OF REVIEW ...................................................................................7

ARGUMENT ........................................................................................................7

## <u>JURISDICTIONAL STATEMENT</u>

This case involves a claim of employment discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-624.  Accordingly, federal jurisdiction was premised on 28 U.S.C. § 1331.

Appellate jurisdiction is premised on 28 U.S.C. § 1291, as an appeal from a final judgment of the District Court.  The Court has appellate jurisdiction over this appeal from the final order of the United States District Court for the District of Massachusetts (Boston Division) (the Hon. William G. Young, Judge) ("the District Court") entered on March 15, 2013 awarding $93,945.00 in attorneys' fees, and $10,681.34 in costs, in favor of Plaintiff Carmen Llerena Diaz ("Ms. Diaz").  Addendum ("Add.") at 9.

A Notice of Appeal was timely filed in this matter on April 8, 2013 by Appellant.  Record Appendix of Appellant ("App.") at 321.

## STATEMENT OF THE ISSUES PRESENTED

A.  Whether the District Court should have considered the proportionality of the fee award to the damages verdict where it awarded over $100,000 in attorney's fees and costs on a verdict of $7,650; and

B.  Whether the District Court erroneously revised the underlying attorney's fees award when the First Circuit had already upheld that portion of the calculation.

## STATEMENT OF THE CASE

This appeal concerns the award of attorney's fees from the substantially successful defense by defendant-appellant Jiten Hotel Management, Inc. ("Jiten") against an age discrimination action filed by plaintiff-appellee Carmen Llerena Diaz. ("Diaz"). After a five-day trial, a jury awarded Diaz a total of $7,650 in compensatory damages out of the more than $800,000 that she sought. At the outset of litigation, Diaz claimed violations of the ADEA (29 U.S.C. §§ 621-624), M.G.L. c. 151B, the Massachusetts Civil Rights Act, Wrongful Termination, Intentional Infliction of Emotional Distress, and Defamation; however, by the time of the trial, only the ADEA and c.151B claims survived. Out of those two remaining claims, the jury's award was under c.151B only. Under any measure, Jiten's defense was almost wholly successful.

Chapter 151B, however, contains an attorney's fee shifting provision, which leads to the current dispute over the award of $93,945.00 in attorney's fees, plus

1

$10,681.34 in costs – particularly in comparison to the $7,650 amount awarded by the jury. This is a case where the tail is wagging the dog.

The fee shifting provision of c.151B reflects the public policy of encouraging private litigation over discrimination cases, but there must be some proportionality between the amount spent on litigation against the amount recovered. Otherwise, the fee shifting provision would reward even disproportionate, no-holds barred litigation over minor issues on the hope that a win on a minor transgression could lead to a windfall of attorney's fees. As Justice Kaplan wrote for the Massachusetts Appeals Court in *Robbins v. Robbins*, 19 Mass. App. Ct. 538, 544 (1985), "[w]hen fee awards appear excessive and the public hears what has been called the soft thud of mutual backpatting, respect for the administration of justice must suffer."

## <u>STATEMENT OF FACTS</u>

This case arises from a dispute over Jiten's termination of Diaz as an employee on or about August 1, 2006. Plaintiff's Amended Complaint, ¶¶10-15. She was 61 years old at the time of her termination as Executive Housekeeper for the Holiday Inn Express in Dorchester, MA. *Id.* at ¶20. Diaz had worked for Jiten since 1997 and was generally a hard-working employee. *Id.* at ¶6. In July 2006, however, Jiten first became aware of allegations concerning Diaz's behavior. On or about July 25, 2006, Jiten received an anonymous letter that described how Diaz

was using racial slurs and engaging in discriminatory behavior in her dealings with some of her co-workers.  App. at 1.  Jiten conducted an investigation.  App. 325-333.

Three Jiten employees stepped forward and described instances where Diaz used racial slurs and threatened to call immigration to have certain of her co-employees deported.  *Id.*  As a result, Jiten terminated Diaz on August 1, 2006.  Plaintiff's Amended Verified Complaint, ¶18.

On August 7, 2006, Diaz filed a claim for age discrimination with the MCAD and EEOC.  *Id.* at ¶5.  MCAD dismissed Diaz's MCAD complaint on June 29, 2007, for lack of probable cause.  App. 336.  Diaz appealed the dismissal and the MCAD affirmed the finding issued by the hearing officer.  App. 338.

On January 30, 2008, Diaz filed this action.  U.S. Dist. Ct. Dist. of Mass. C.A. No. 08-10143-WGY ("the Docket") at D.I. 1, App. 340.  She asserted six claims against Jiten: violation of the ADEA, 29 U.S.C. §§ 621-624 (Count I); violation of M.G.L. c. 151B for Age Discrimination (Count II); violation of the Massachusetts Civil Rights Act, M.G.L. c. 12§§H, I (Count III); Wrongful Termination (Count IV); Intentional Infliction of Emotional Distress (Count V); and Defamation (Count VI).  Diaz's wrongful termination claims were the centerpiece of her claims.

The parties undertook discovery. During discovery, six additional employees stepped forward and described further examples of Diaz's misconduct while at work. App. 15-17, 85-88, 155-158, 170-171, 208-212, 221-236, 251-253, 286-287, and 309-311. After the conclusion of discovery, Diaz withdrew some counts of her complaint, and the Court dismissed one count, leaving for trial only her claims for age discrimination under the ADEA and Mass. G.L. 151B.

During the course of litigation, Jiten tried to settle the case. Diaz's first demand was $800,000.00. App. 317. After some negotiations, Jiten eventually offered $75,000, based upon the recommendation of the District Court. Diaz rejected Jiten's final offer just prior to trial. *See Diaz v. Jiten Hotel Mgmt.,* 822 F. Supp. 2d 74, 82 (D. Mass. 2011).

Trial began on March 21, 2011 and concluded on April 5, 2011. *Id.* at 74. The jury awarded Diaz $7,650 on her G.L. c. 151B claim only, rejecting her federal discrimination claims. *Id.* This figure was exactly two years worth of raises at Diaz's former salary.

On April 18, 2011, Diaz filed a motion seeking attorneys' fees in the amount of $134,865.00 and costs of litigation of $13,371.90. Docket, D.I. 131, App. 358. The District Court denied Diaz' full request for fees and instead allowed only $25,000.00 as to attorneys' fees and $9,434.74 for costs. *See Diaz v. Jiten Hotel Mgmt.*, 822 F. Supp. 2d at 84 (D. Mass. 2011). The District Court made a lodestar

calculation and then discounted the lodestar amount by two-thirds to reflect the fact that most of Diaz' claims were dismissed by Diaz herself or by the Court prior to trial, arriving at the amount of $44,766. *Id.* at 81. The District Court further discounted the award to reflect Diaz' rejection of the pre-trial $75,000 settlement offer. *Id.* at 82. Diaz appealed the District Court's decision on fees on November 28, 2011. Docket, D.I. 155, App. 361.

On appeal, the First Circuit affirmed in part, and reversed in part. *Diaz v. Jiten Hotel Mgmt.*, 704 F.3d 150, 155 (1st Cir. 2012), App. 365. The First Circuit affirmed the District Court's finding that four of Diaz' claims were distinct and severable from the two claims that were tried, and affirmed the two-thirds reduction in the lodestar amount to account for the dismissal of these distinct and severable claims. *Id.* at 153, App. 367. The First Circuit concluded, however, that the District Court should not have further reduced the fee award based upon the refusal of the settlement offer. Accordingly, the First Circuit wrote:

> We remand for the court to re-evaluate the twelve *Hensley* factors and determine whether there should be any *further reduction* of the fee award is proper.

*Id.* at 154, App. 368 (emphasis added).

On remand, the District Court did not follow the First Circuit's instructions. Instead of preserving the two-thirds reduction of the lodestar amount, the District Court recalculated the allocation of the lodestar amount from scratch. *Diaz v. Jiten*

5

*Hotel Mgmt.,* 2013 U.S. Dist. LEXIS 36096, *2-*7 (D. Mass. Mar. 15, 2013), *see also* Add. 4-8.  In addition, the District Court did not re-evaluate the *Hensley* factors or make any findings on the application of those factors for a "further reduction" of the fee award, notwithstanding the First Circuit's direction.  *Id.*  As a result, the District Court more than tripled its earlier ruling, holding that the plaintiff was entitled to $93,945.00 in attorneys' fees and $10,681.34 in costs.  *Id.* at *7, Add. at 9.  Jiten appealed from this decision of the District Court.  App. 321.

## SUMMARY OF THE ARGUMENT

Jiten challenges the District Court's award of over $100,000 in attorney's fees and costs in a case that resulted in a verdict of only $7,650, because the attorney's fee award is disproportionately large and fails to give weight to the factor of the "results obtained."  Under Federal Law and Massachusetts law, the "results" obtained is a critical factor for the trial court to consider in determining a fee award.  In this case, a comparison between the amount of the fee award and the result shows that this factor was not adequately weighed.

Jiten also appeals from the District Court's fee award on the ground that that Court should not have revised the underlying calculation of the award when the First Circuit had already upheld that portion of the calculation.  The First Circuit only reversed that portion of the fee award stemming from the trial court's

consideration of the settlement offer prior to trial.  The rest of the calculation was

approved by the First Circuit and should not have been revisited.

## STANDARD OF REVIEW

District courts have discretion to make fee determinations.  *Burke v.*
*McDonald,* 572 F.3d 51, 63 (1ˢᵗ Cir. 2009); *Boston's Children First v. City of*
*Boston,* 395 F.3d 10, 13 (1ˢᵗ Cir. 2005).   An abuse of discretion arises where the
trial court has "ignored a factor deserving significant weight, relied upon an
improper factor, or evaluated all the proper factors (and no improper ones), but
made a serious mistake in weighing them." *Gay Officers Action League v. Puerto*
*Rico*, 247 F.3d 288, 292-93 (1ˢᵗ Cir. 2001) (citing *Foster v. Mydas Assoc., Inc.*, 943
F.2d 139, 143 (1ˢᵗ Cir. 1991)).

## ARGUMENT

**I.    WHERE THE JURY AWARDED ONLY $7,650 IN DAMAGES, THE FEE
SHIFTING AWARD OF OVER $100,000 WAS REVERSIBLE ERROR FOR
BEING DISPROPORTIONATELY LARGE.**

The First Circuit expressly instructed the District Court to "re-evaluate the
twelve Hensley factors and determine whether **any further reduction** to the fee
award is proper." *Diaz v. Jiten Hotel Mgmt*., 704 F.3d at 154 (emphasis added),
App. 368.  The District Court, however, did not follow these instructions. *See Diaz*
*v. Jiten Hotel Mgmt.*, 2013 U.S. Dist. LEXIS 36096 at *7, Add. at 8.  Its order
awarding fees did not contain any analysis of those factors nor were there any

findings of fact or law on the application of the *Hensley* factors in determining whether "any further reduction to the fee award is proper." *See id.*

Had the District Court applied the *Hensley* factors, it should have given substantial weight to the factor of the "results obtained" to significantly reduce the fee award. As the United States Supreme Court wrote in *Hensley v. Eckerhart*, "this factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of the claims for relief." 461 U.S. 424, 434 (1983). It is important to ask, the Court reasoned, "did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* The question is not as much what claims were dismissed as much as the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. In these situations, the Supreme Court reasoned that where, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount... Again, the most critical factor is the degree of success obtained." *Id.* at 436.

Massachusetts courts have similarly held that an award of attorneys' fees needs to be proportional to the relief obtained.[1] For example, in *Killeen v. Westban Hotel Venture, LP*, the Massachusetts Appeals Court reversed the trial

---

[1] Because Diaz prevailed only under Massachusetts law, it is appropriate for this Court to look to cases from Massachusetts' courts in determining the fee award. *Koster v. TWA*, 181 F.3d 24, 37 (1st Cir. 1999) (citing *Krewson v. City of Quincy*, 74 F.3d 15, 17 (1st Cir. 1996)).

court's award of $153,717.77 in fees and costs where the underlying judgment was for $1.26, trebled to $3.78. 69 Mass. App. Ct. 784, 796 (2007). The Appeals Court reasoned that when a "fee request appears on its face dramatically disproportionate to the results the litigation produced, as it does here, the judge must focus with precision on the relationship between the time invested and the results achieved in order to insure that the 'time spent was [not] wholly disproportionate to the interests at stake.'" *Id.* at 796 (quoting *Stratos v. Dep't of Pub. Welfare*, 387 Mass. 312, 323 (1982)). *See, e.g., Stowe v. Bologna*, 417 Mass. 199, 204 (1994), abrogated on other grounds by *Fabre v. Walton*, 441 Mass. 9 (2004) (upholding single justice's award of only $30,000, where it did not appear that "the issues involved… were sufficiently varied, numerous, complex or novel, or involved enough money ($35,991…), or were of sufficient public importance to justify fees close to the $81,322.75 the plaintiffs seek"); *Rex Lumber Co. v. Acton Block Co., Inc.*, 29 Mass. App. Ct. 510, 521 (1990) (vacating award of attorneys' fees and expenses where the amount requested was over $100,000, but the legal and factual issues involved an "ordinary, grist-of-the-mill contract dispute" and the amount at issue "was not substantially larger than many purchases of single-family residences").

Here, the disparity between the fees requested and the result obtained for Diaz is self evident. The jury award was only $7,650, but the amount awarded

9

(over $100,000) dwarfs that result.  There were no issues involved that were varied, numerous, complex, or novel.  There were no issues of compelling social injustice, particularly where the basis of the termination was Diaz's own racist slurs and discriminatory conduct.  This is exactly the kind of tail-wagging-the-dog scenario that the appellate courts have sought to avoid when they have required the trial courts to consider the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

Indeed, there is little social benefit to encouraging attorneys to spend resources – both private and of those of the trial court – that are disproportionate to the results of the litigation.  *See id.*  Under these circumstances, the First Circuit should follow the guidance of the *Hensley* decision as well as Massachusetts case law, vacate the award of fees, and remand to the District Court again for a redetermination of the attorneys' fee award in light of the jury's verdict.  *See id.*

## II.  THE FIRST CIRCUIT AFFIRMED A TWO-THIRDS REDUCTION OF THE FEE AWARD TO ACCOUNT FOR LITIGATION OVER THE DISMISSED CLAIMS, FORECLOSING THE DISTRICT COURT FROM RECALCULATING THE LODESTAR.

The District Court should not have revised the underlying calculation of the award where the First Circuit had already upheld that portion of the award.  *See Diaz v. Jiten Hotel Mgmt. Inc.*, 704 F.3d at 152, App. 366.  The First Circuit affirmed the District Court's original calculation reducing the lodestar amount by

two-thirds as "an approximation for the number of hours spent working on the four claims that were not viable," arriving at the amount of $44,766.  *Id.* at 153, App. 367.  The First Circuit only reversed the next step of the District Court's analysis that further reduced the award due to the Diaz' rejection of Jiten's settlement offer, and remanded the award back to the District Court to determine whether a "further reduction" was proper under the *Hensley* factors.  *See id.* at 154, App. 368.

Notwithstanding the First Circuit's decision, the District Court did not preserve the two-thirds reduction of the lodestar amount on remand.  Instead, the District Court recalculated the allocation of the lodestar amount from scratch:

> Diaz argues that rather than simply taking a two-thirds haircut, this Court ought have reduced "only hours expended during the pendency of the unsuccessful claims." . . . Upon reflection, this argument convinces this Court.

*Diaz v. Jiten Hotel Mgmt.*,  2013 U.S. Dist. LEXIS 36096 at *3, Add. 5.  The District Court discarded the two-thirds reduction of the lodestar amount and "recalculated the reduction for unsuccessful claims and the total compensable hours."  *Id.* at *4, Add. 6.  This recalculation is inconsistent with the First Circuit's affirmation of the two-thirds reduction of the lodestar amount.  *See Diaz v. Jiten Hotel Mgmt. Inc.*, 704 F.3d at 153, App. 367.  The mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court.  *See Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997) (citing *Stevens* v. *F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984)).

11

In addition, where the District Court did not make any findings of fact or law on the application of the *Hensley* factors for a "further reduction" of the fee award, it is evident that the District Court also did not follow the First Circuit's mandate in this regard either. As a result, the District Court more than tripled its earlier ruling, holding that the plaintiff was entitled to $93,945.00 in attorneys' fees and $10,681.34 in costs. *See Diaz v. Jiten Hotel Mgmt.*, 2013 U.S. Dist. LEXIS 36096 at *7, Add. 9. This was reversible error.

## CONCLUSION

The District Court's award of over $100,000 in attorney's fees and costs for a "results obtained" verdict of only $7,650 is disproportionate and fails to conform with the balancing of factors identified in *Hensley v. Eckerhart*. Where Jiten substantially prevailed in the underlying trial, it makes no sense to make such a punitive award.

Further, the First Circuit's affirmation of the two-thirds reduction in plaintiff's attorneys' fees, placing the lodestar at $44,766.00, was an issue that was disposed of on appeal and constitutes a ceiling for any fee award. The only action that the District Court should have taken was to apply the *Hensley* factors to determine if any further reduction of Plaintiffs' attorneys' fees was proper.

Accordingly, Jiten requests that the First Circuit: (1) reverse the District Court's fee award to the extent that it discarded the two-thirds reduction of the

lodestar fee and recalculated the fees; (2) instruct the District Court to apply the *Hensley* factors to the fee award to determine whether a "further reduction" is appropriate, particularly weighing the "results obtained" factor; and (3) award to Jiten the fees and costs related to this appeal.

Respectfully submitted,

JITEN HOTEL MANAGEMENT, INC.

By its counsel,

/s/ Edward S. Cheng
Edward S. Cheng (#76428)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
Ph: (617) 646-2019
Fax: (617) 646-2222
escheng@sherin.com

/s/ Ryan C. Siden
Ryan C. Siden (#1302775)
SIDEN & ASSOCIATES, P.C.
20 Park Plaza, Suite 505
Boston, MA  02116
Ph: (617) 423-5999
Fax: (617) 423-4855
rsiden@sidenlaw.com

Dated:  June 7, 2013

13

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 7, 2013 a copy of the

foregoing **Appellant's Brief** was served by ECF upon:

Lynn A. Leonard, Esq.
527 Main Street, Suite 8
Melrose, MA 02176

/s/ Ryan C. Siden
Ryan C. Siden

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the

undersigned certifies that this brief complies with the type-volume limitations of

Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1.    Exclusive of the exempted portions of the brief, as provided in Fed. R.

App. P. 32(a)(7)(B)(iii), this brief includes 3,678 words.

2.    This brief has been prepared in proportionality space typeface using

Microsoft Word 2010 in 14 point Times New Roman font.  As permitted by

Fed. R. App. P. 32(a)(7)(C), the undersigned has relied upon the word count

of this word-processing system in preparing this certificate.


Dated:  June 7, 2013

/s/ Ryan C. Siden
Ryan C. Siden

# United States Court of Appeals
# For the First Circuit

Appeal No. 13-1444

(Appeal from the United States District Court for the District of Massachusetts)

_____

CARMEN LLERENA DIAZ

Plaintiff – Appellee

v.

JITEN HOTEL MANAGEMENT, INC.

Defendant – Appellant

_____

## ADDENDUM TO APPELLANT'S BRIEF
_____

Edward S. Cheng , 1st Cir. Bar No. 76428
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2019

Ryan C. Siden, 1st Cir. Bar No. 11300275
SIDEN & ASSOCIATES, P.C.
20 Park Plaza, Suite 505
Boston, MA  02116
(617) 423-5999

<u>**ADDENDUM - TABLE OF CONTENTS**</u>

MEMORANDUM AND ORDER, *Diaz v. Jiten Hotel Mgmt., Inc.*, U.S. Dist. Ct. Dist. of Mass. C.A. No. 08-10143-WGY Entered March  15, 2013, D.I. 175 .......... 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                     )
CARMEN LLERENA DIAZ,                 )
                                     )
              Plaintiff,             )
         v.                          )    CIVIL ACTION
                                     )    No. 08-10143-WGY
JITEN HOTEL MANAGEMENT, INC.,        )
                                     )
              Defendant.             )
                                     )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                        March 15, 2013

I.    **INTRODUCTION**

On November 8, 2011, this Court published a memorandum and
order in this case ordering Jiten Hotel Management, Inc.
("Jiten") to pay $25,000 in attorney's fees.  Diaz v. Jiten Hotel
Mgmt., Inc., 822 F. Supp. 2d 74, 84 (D. Mass. 2011).  After an
appeal by the plaintiff, Carmen Llerena Diaz ("Diaz"), the First
Circuit affirmed in part, reversed in part, and remanded for
further proceedings by this Court.  Diaz v. Jiten Hotel Mgmt.,
Inc., 704 F.3d 150, 155 (1st Cir. 2012).  This Court now decides
the three remaining issues in this case: (1) calculating the
attorney's fees, (2) ascertaining litigation costs, and (3)
determining pre- and post-judgment interest on the compensatory
damages award and the attorney's fees award.

## II.  ANALYSIS

This Court takes its earlier attorney's fees and costs determination, see Diaz, 822 F. Supp. 2d 74, and the First Circuit's review of the matter, see Diaz, 704 F.3d 150, as its starting point.  As such, this memorandum will highlight when this Court is responding to the First Circuit's mandate and areas which are departures from its earlier reasoning.  Silence on a matter reflects this Court's conclusion that its earlier opinion accurately reflects the law and the decision in this matter and requires no further elaboration.

### A.  Attorney's Fees

In its original determination, this Court reduced the attorney's fees from $44,766 "to $25,000, which is the amount [the attorney] would have received under a normal one-third contingency agreement had Diaz accepted Jiten's settlement offer."  Diaz, 822 F. Supp. 2d at 82.  The First Circuit rejected this reduction as placing "an undue emphasis on Diaz's rejection of a pre-trial $75,000 settlement offer."  Diaz, 704 F.3d at 154.

Furthermore, Diaz entreats this Court to recalculate the number of hours Diaz's attorney, Lynn A. Leonard ("Leonard"), spent working on the viable claims in this case.  Pl.'s Br. Atty's Fees & Costs Subject Remand First Cir. Ct. Appeals ("Pl.'s Br.") 2-7, ECF No. 173.  Originally, this Court calculated the hours by "reduc[ing] Diaz's requested attorneys' fees by

2

two-thirds, reflecting the four of her six claims that she either

voluntarily dismissed after realizing that they were not viable

or acknowledged were barred by statute." <u>Diaz</u>, 822 F. Supp. 2d

at 80.  This Court lamented that:

> Ideally, the Court would be able specifically to reduce
> the request by the number of hours worked on the unviable
> claims.  The Invoices do not, however, provide a level of
> detail to allow the Court to do so.  The Court therefore
> uses the two-thirds deduction as an approximation for the
> number of hours spent working on the four claims that
> were not viable.

<u>Id.</u>  Invoking Federal Rule of Civil Procedure 60(a) ("Rule

60(a)"), Diaz twice previously has requested that this Court

reconsider that decision and recalculate the compensable hours.

Mot. Correct Mathematical Error Pursuant Fed. R. Civ. P. 60(a),

ECF No. 164; Pl.'s Second Mot. Correct Oversight Omission

Mathematical Computation Pursuant Fed. R. Civ. P. 60(a), ECF

No. 170.  <u>Diaz argues that rather than simply taking a two-thirds

haircut, this Court ought have reduced "only hours expended

during the pendency of the unsuccessful claims."</u>  Pl.'s Br. 3.

   <u>Upon reflection, this argument convinces this Court.</u>[1]  After

all, the Court was striving to "approximat[e] . . . the number of

hours spent working on the four claims that were not viable" and

to exclude that time from Leonard's compensation.  <u>Diaz</u>, 822 F.

---

[1] Despite being wrong originally, <u>see</u> <u>Diaz</u>, 822 F. Supp. 2d
74, and twice rejecting motions to correct this error, <u>see</u> Elec.
Order, Oct. 11, 2012, ECF No. 166; Elec. Order, Nov. 13, 2012,
ECF No. 174, <u>this Court recognizes that Rule 60(a) today provides
an avenue for correcting this mistake</u>.

3

Supp. 2d at 80.  The Court can and should use the information originally submitted to approximate the compensable hours as accurately as possible.

Therefore, this Court has gone back to the original invoice submitted by Leonard.  See Mem. Law Supp. Pl.'s Mot. Att'y's Fees & Costs, Ex. 1, Invoice #10922 ("Invoice"), ECF No. 132-1.  Using the Invoice, the Court has recalculated the reduction for unsuccessful claims and the total compensable hours.  The Court has determined that attorney's fees should be calculated based on 313.15 compensable hours.  At a rate of $300 per hour, this makes the total lodestar amount $93,945.

The Court completed this calculation in the following manner.[2]  First, it reviewed each line of the Invoice and reduced the total hours billed by half of the amount of travel time involved.  Thus, for example, if three hours were billed, two of which constituted travel time, then this was reduced to two hours.  The resulting hours formed the basis for the rest of the Court's calculations and are shown in the second column, labeled "Hours Expended" in the Appendix.

Second, the Court then determined how many successful claims were involved in any line of the Invoice and added this number to the third column, labeled "Successful Claims" in the Appendix.

---

[2] To follow along with the Court's calculation, please see the full chart in the Appendix.

The trick here is to determine which actions were not related to the successful claims.  For example, neither the drafting of a motion to dismiss the unviable claims on September 2, 2009, nor the state court appearance for a motion to continue a separate trial on March 28, 2011, have anything to do with the successful claims in this case.  Thus, while most rows of the Invoice are associated with two successful claims, in each of those examples, there were zero successful claims associated with those expended hours.

Third, the Court determined how many claims were procedurally live at the time each Invoice line-item took place and added this number to the fourth column, labeled "Total Claims" in the Appendix.  At the start of the case, there were six claims.  This number was reduced as claims were dismissed, dropping to four after September 2, 2009, to three after November 27, 2009, and finally just to the two successful claims after June 28, 2010.[3]

Finally, having determined the hours expended, the number of successful claims, and the number of total claims for any given line of the Invoice, the Court simply multiplied hours expended

_____

[3] While Judge Gertner may have reinstated <u>sua sponte</u> a single claim on January 21, 2011, this Court has chosen not to reduce attorney's fees as a result of this reinstatement.  The claim was again dismissed less than two months later on March 4, 2011.  After all, it would be unfair to reduce an attorney's fees for unviable claims reinstated <u>sua sponte</u> by the trial judge.

5

by the ratio of successful claims divided by total claims for
each line.  The result is reflected in the fifth and final
column, labeled "Compensable Hours."  In this way, the Court
reduced the hours expended on any given Invoice line by the
fraction of the claims that were substantively unviable out of
all of those procedurally live.  Then, the Court simply summed
all of the individual Invoice lines of compensable hours to get
to the total number of compensable hours, 313.15.[4]

The Court sees no significant reason to make any further
adjustments up or down.

**B.  Costs**

As the First Circuit pointed out, this Court mistakenly
deducted the costs of the transcripts of the depositions of Maria
Hernandez ($462.10), Maria Lopez ($243.00), and Denise Brown
($541.50), three witnesses who did testify at trial.  See Diaz,
704 F.3d at 154-55; see also Diaz, 822 F. Supp. 2d at 84.  These
costs should be included in litigation costs.  Thus, the Court
should have deducted a total of $2,388.37 for deposition
transcripts of unused witnesses.  After deducting administrative
overhead ($319.63), see Diaz, 822 F. Supp. 2d at 84, the Court
rules that Diaz is entitled to recover costs in the amount of
$10,681.34.

---

[4] This amount of hours included the post-trial requested
hours.

6

**C.   Interest**

    This Court, recognizing the First Circuit's determination that Ms. Diaz is entitled to pre-judgment interest on the compensatory damages award, orders payment of pre-judgment interest from the time she filed suit, January 30, 2008.  <u>See Diaz</u>, 704 F.3d at 155.  She is also entitled to post-judgment interest on the attorney's fee award.  <u>See id.</u>; <u>see also Nardone</u> v. <u>Patrick Motor Sales, Inc.</u>, 46 Mass. App. Ct. 452, 453 n.3 (1999).  By statute, post-judgment interest is calculated by applying a uniform federal rate.  28 U.S.C. § 1961 (2006).  Post-judgment interest should be paid on the entire judgment including the compensatory damages award, the attorney's fee award, and litigation costs at the federal rate from the date judgment was entered, April 5, 2011.

**III. CONCLUSION**

    For the reasons enumerated above, the Court AMENDS its earlier Memorandum & Order.  <u>See Diaz</u>, 822 F. Supp. 2d 74, ECF No. 151.  Jiten shall compensate Diaz in the amount of $93,945 for reasonable attorney's fees and $10,681.34 for the costs of litigation.  Post-judgment interest shall be paid on the entire judgment at the federal rate from April 5, 2011.

    SO ORDERED.

                            <u>/s/ William G. Young</u>
                            William G. Young
                            District Judge

                              7

**APPENDIX**

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|:---:|:---:|:---:|:---:|:---:|
| 7/1/2008 | 1.80 | 2 | 6 | 0.60 |
| 7/9/2008 | 2.30 | 2 | 6 | 0.77 |
| 8/8/2008 | 0.80 | 2 | 6 | 0.27 |
| 8/12/2008 | 4.40 | 2 | 6 | 1.47 |
| 8/15/2008 | 4.00 | 2 | 6 | 1.33 |
| 8/16/2008 | 0.50 | 2 | 6 | 0.17 |
| 8/18/2008 | 1.80 | 2 | 6 | 0.60 |
| 8/18/2008 | 0.60 | 2 | 6 | 0.20 |
| 8/19/2008 | 2.50 | 2 | 6 | 0.83 |
| 9/23/2008 | 0.30 | 2 | 6 | 0.10 |
| 9/25/2008 | 1.40 | 2 | 6 | 0.47 |
| 9/26/2008 | 5.00 | 2 | 6 | 1.67 |
| 9/29/2008 | 0.20 | 2 | 6 | 0.07 |
| 9/30/2008 | 1.00* | 2 | 6 | 0.33 |
| 10/6/2008 | 3.00 | 2 | 6 | 1.00 |
| 10/14/2008 | 2.30 | 2 | 6 | 0.77 |
| 10/27/2008 | 1.70 | 2 | 6 | 0.57 |
| 11/4/2008 | 4.50 | 2 | 6 | 1.50 |
| 11/10/2008 | 4.00 | 2 | 6 | 1.33 |
| 11/11/2008 | 0.80 | 2 | 6 | 0.27 |
| 11/17/2008 | 0.40 | 2 | 6 | 0.13 |
| 12/4/2008 | 2.00 | 2 | 6 | 0.67 |
| 12/5/2008 | 1.20 | 2 | 6 | 0.40 |
| 12/8/2008 | 1.30 | 2 | 6 | 0.43 |
| 12/9/2008 | 2.30 | 2 | 6 | 0.77 |
| 12/10/2008 | 1.50 | 2 | 6 | 0.50 |
| 12/11/2008 | 2.40 | 2 | 6 | 0.80 |
| 12/14/2008 | 1.50 | 2 | 6 | 0.50 |
| 12/15/2008 | 1.00 | 2 | 6 | 0.33 |
| 12/15/2008 | 5.20 | 2 | 6 | 1.73 |
| 12/16/2008 | 1.70 | 2 | 6 | 0.57 |
| 1/10/2009 | 3.00 | 2 | 6 | 1.00 |
| 1/12/2009 | 7.80* | 2 | 6 | 2.60 |
| 1/15/2009 | 0.20 | 2 | 6 | 0.07 |
| 1/26/2009 | 2.80 | 2 | 6 | 0.93 |
| 1/26/2009 | 0.10 | 2 | 6 | 0.03 |
| 1/27/2009 | 2.50 | 2 | 6 | 0.83 |
| 1/30/2009 | 7.30* | 2 | 6 | 2.43 |
| 2/13/2009 | 2.00 | 2 | 6 | 0.67 |

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|------|-----------------|-------------------|--------------|-------------------|
| 2/13/2009 | 1.60 | 2 | 6 | 0.53 |
| 2/17/2009 | 2.80* | 2 | 6 | 0.93 |
| 2/18/2009 | 2.20 | 2 | 6 | 0.73 |
| 2/19/2009 | 4.00 | 2 | 6 | 1.33 |
| 2/20/2009 | 0.60 | 2 | 6 | 0.20 |
| 3/7/2009 | 3.00 | 2 | 6 | 1.00 |
| 3/12/2009 | 1.20* | 2 | 6 | 0.40 |
| 3/13/2009 | 5.50* | 2 | 6 | 1.83 |
| 3/16/2009 | 2.40* | 2 | 6 | 0.80 |
| 3/31/2009 | 0.20 | 2 | 6 | 0.07 |
| 3/31/2009 | 1.50 | 2 | 6 | 0.50 |
| 4/4/2009 | 3.00 | 2 | 6 | 1.00 |
| 4/17/2009 | 1.30 | 2 | 6 | 0.43 |
| 5/6/2009 | 1.30 | 2 | 6 | 0.43 |
| 5/7/2009 | 0.10 | 2 | 6 | 0.03 |
| 5/7/2009 | 3.60* | 2 | 6 | 1.20 |
| 5/8/2009 | 2.00 | 2 | 6 | 0.67 |
| 5/14/2009 | 0.20 | 2 | 6 | 0.07 |
| 5/15/2009 | 2.70 | 2 | 6 | 0.90 |
| 5/15/2009 | 1.30 | 2 | 6 | 0.43 |
| 5/18/2009 | 1.20 | 2 | 6 | 0.40 |
| 6/8/2009 | 2.70 | 2 | 6 | 0.90 |
| 6/15/2009 | 0.40 | 2 | 6 | 0.13 |
| 6/18/2009 | 2.70 | 2 | 6 | 0.90 |
| 6/22/2009 | 0.20 | 2 | 6 | 0.07 |
| 7/1/2009 | 2.70 | 2 | 6 | 0.90 |
| 7/1/2009 | 2.20 | 2 | 6 | 0.73 |
| 7/7/2009 | 3.00 | 2 | 6 | 1.00 |
| 7/8/2009 | 1.75* | 2 | 6 | 0.58 |
| 7/10/2009 | 3.15* | 2 | 6 | 1.05 |
| 7/13/2009 | 0.75 | 2 | 6 | 0.25 |
| 7/13/2009 | 4.40* | 2 | 6 | 1.47 |
| 8/17/2009 | 0.90 | 2 | 6 | 0.30 |
| 8/28/2009 | 0.30 | 2 | 6 | 0.10 |
| 8/28/2009 | 3.30 | 2 | 6 | 1.10 |
| 8/31/2009 | 1.80* | 2 | 6 | 0.60 |
| 8/31/2009 | 2.00 | 0** | 6 | 0.00 |
| 9/2/2009 | 1.00 | 0** | 6 | 0.00 |
| 9/8/2009 | 0.30 | 0** | 4 | 0.00 |

9

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|---|---|---|---|---|
| 9/10/2009 | 0.20 | 2 | 4 | 0.10 |
| 9/17/2009 | 0.10 | 0** | 4 | 0.00 |
| 9/24/2009 | 0.30 | 2 | 4 | 0.15 |
| 11/8/2009 | 2.50 | 2 | 4 | 1.25 |
| 11/9/2009 | 3.80* | 2 | 4 | 1.90 |
| 11/10/2009 | 0.90* | 2 | 4 | 0.45 |
| 11/25/2009 | 0.50 | 2 | 4 | 0.25 |
| 11/27/2009 | 0.40 | 0** | 4 | 0.00 |
| 12/4/2009 | 0.20 | 2 | 3 | 0.13 |
| 1/4/2010 | 3.40* | 2 | 3 | 2.27 |
| 1/13/2010 | 0.20 | 2 | 3 | 0.13 |
| 3/8/2010 | 0.20 | 2 | 3 | 0.13 |
| 3/11/2010 | 3.30* | 2 | 3 | 2.20 |
| 3/12/2010 | 0.20 | 2 | 3 | 0.13 |
| 3/22/2010 | 1.30 | 2 | 3 | 0.87 |
| 3/23/2010 | 1.30* | 2 | 3 | 0.87 |
| 4/10/2010 | 0.50 | 2 | 3 | 0.33 |
| 4/13/2010 | 0.20 | 2 | 3 | 0.13 |
| 4/17/2010 | 2.00 | 2 | 3 | 1.33 |
| 5/14/2010 | 2.00 | 2 | 3 | 1.33 |
| 6/3/2010 | 0.30 | 2 | 3 | 0.20 |
| 6/16/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/17/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/18/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/19/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/20/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/27/2010 | 3.00 | 2 | 3 | 2.00 |
| 6/28/2010 | 2.10 | 2 | 3 | 1.40 |
| 6/29/2010 | 3.00 | 2 | 2 | 3.00 |
| 7/8/2010 | 0.10 | 2 | 2 | 0.10 |
| 7/26/2010 | 0.20 | 2 | 2 | 0.20 |
| 8/3/2010 | 0.60 | 2 | 2 | 0.60 |
| 11/18/2010 | 3.50* | 2 | 2 | 3.50 |
| 12/28/2010 | 0.30 | 2 | 2 | 0.30 |
| 1/21/2011 | 1.50 | 2 | 2 | 1.50 |
| 2/5/2011 | 7.00 | 2 | 2 | 7.00 |
| 2/22/2011 | 3.80 | 2 | 2 | 3.80 |
| 2/22/2011 | 0.20 | 2 | 2 | 0.20 |
| 2/23/2011 | 4.00 | 2 | 2 | 4.00 |

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|------|----------------|-------------------|--------------|-------------------|
| 2/24/2011 | 3.40* | 2 | 2 | 3.40 |
| 2/25/2011 | 2.00 | 2 | 2 | 2.00 |
| 2/26/2011 | 4.90 | 2 | 2 | 4.90 |
| 2/27/2011 | 8.50 | 2 | 2 | 8.50 |
| 3/3/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/4/2011 | 1.30 | 2 | 2 | 1.30 |
| 3/4/2011 | 1.90 | 2 | 2 | 1.90 |
| 3/5/2011 | 0.70 | 2 | 2 | 0.70 |
| 3/5/2011 | 2.00 | 2 | 2 | 2.00 |
| 3/5/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/6/2011 | 1.20 | 2 | 2 | 1.20 |
| 3/6/2011 | 0.50 | 2 | 2 | 0.50 |
| 3/7/2011 | 0.20 | 2 | 2 | 0.20 |
| 3/7/2011 | 2.10* | 2 | 2 | 2.10 |
| 3/9/2011 | 4.10* | 2 | 2 | 4.10 |
| 3/11/2011 | 0.80 | 2 | 2 | 0.80 |
| 3/15/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/15/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/16/2011 | 1.40* | 2 | 2 | 1.40 |
| 3/16/2011 | 0.70 | 2 | 2 | 0.70 |
| 3/17/2011 | 12.50 | 2 | 2 | 12.50 |
| 3/18/2011 | 0.20 | 2 | 2 | 0.20 |
| 3/18/2011 | 12.30 | 2 | 2 | 12.30 |
| 3/18/2011 | 0.10 | 2 | 2 | 0.10 |
| 3/19/2011 | 10.90 | 2 | 2 | 10.90 |
| 3/20/2011 | 0.20 | 2 | 2 | 0.20 |
| 3/20/2011 | 12.00 | 2 | 2 | 12.00 |
| 3/21/2011 | 12.80* | 2 | 2 | 12.80 |
| 3/22/2011 | 13.50* | 2 | 2 | 13.50 |
| 3/23/2011 | 13.50* | 2 | 2 | 13.50 |
| 3/24/2011 | 7.00* | 2 | 2 | 7.00 |
| 3/26/2011 | 2.50 | 2 | 2 | 2.50 |
| 3/26/2011 | 1.50 | 2 | 2 | 1.50 |
| 3/28/2011 | 1.50 | 0** | 2 | 0.00 |
| 3/28/2011 | 1.20 | 2 | 2 | 1.20 |
| 3/31/2011 | 7.40 | 2 | 2 | 7.40 |
| 3/31/2011 | 1.00 | 2 | 2 | 1.00 |
| 4/3/2011 | 10.00 | 2 | 2 | 10.00 |
| 4/4/2011 | 9.00* | 2 | 2 | 9.00 |

11

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|---|---|---|---|---|
| 4/6/2011 | 4.00 | 2 | 2 | 4.00 |
| 4/7/2011 | 2.00 | 2 | 2 | 2.00 |
| 4/8/2011 | 2.00 | 2 | 2 | 2.00 |
| 4/14/2011 | 2.00 | 2 | 2 | 2.00 |
| 4/18/2011 | 2.00 | 2 | 2 | 2.00 |
| Post-Trial | 15.80 | 2 | 2 | 15.80 |
| **Total** | **433.35** | **2** | **6** | **313.15** |

* Total hours have been reduced to account for travel hours being compensated at half rate.
** There was no successful claim associated with this billing.

12